# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20506
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN SCOTT SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-405-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ryan Scott Solis was convicted of distribution of child pornography and possession of child pornography. He was sentenced within the guidelines range to concurrent terms of 210 months on count one and 120 months on count two. The court also imposed a total of ten years of supervised release. On appeal, Solis challenges his 210-month sentence as procedurally and substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20506

Regarding the procedural challenge to his sentence, Solis argues that the district court believed the Guidelines were mandatory because the court stated that the sentence was "required" by the Guidelines.  Because Solis did not object on this basis in the district court, review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

Contrary to Solis's assertion, the record contains no indication that the sentencing court believed the Guidelines are mandatory or that it lacked the discretion to deviate from the Guidelines.  In imposing the sentence, the court considered the Presentence Report's identified factors for an upward departure and Solis's arguments for a downward variance before concluding that a sentence at the low end of the guidelines range was appropriate.  Thus, the court indicated its belief that it could impose a sentence above or below the guidelines range.  Solis has not shown that the district court committed any procedural error in imposing his sentence.

Challenging the substantive reasonableness of his sentence, Solis asserts that a sentence of 120 months would have been appropriate considering his personal history and characteristics.  We review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Because Solis's sentence was within the guidelines range, it is presumptively reasonable.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  The district court considered Solis's arguments in mitigation regarding his personal history and characteristics and concluded that a sentence within the guidelines range was appropriate.  Solis's argument amounts to a "disagreement with the propriety of the sentence imposed" and does not rebut the presumption of reasonableness.  *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.