# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40506
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLA FABIOLA SALINAS-VARGAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-1020-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carla Fabiola Salinas-Vargas was convicted of being unlawfully found in the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). She was sentenced, within the Sentencing Guidelines range, to 70-months' imprisonment, with no term of supervised release. On appeal, Salinas challenges her sentence as

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

procedurally unreasonable, asserting the district court believed that the Guidelines were mandatory and that it lacked discretion to deviate from them.

As Salinas concedes, because she did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Salinas must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Although treating the Guidelines as mandatory amounts to a significant procedural error, *Gall v. United States*, 552 U.S. 38, 46, 51 (2007), the record as a whole does not show the court believed it lacked the discretion to deviate from the Guidelines range. At sentencing, the court considered Salinas' request for a downward variance before concluding that a sentence at the low end of the Guidelines range was appropriate, based on her extensive criminal history and the recency of her prior convictions. By considering her request for a downward variance, the court acknowledged it could impose a sentence below the Guidelines range; nonetheless, the court denied the request, stating: "the Court will sentence you to the low range of -- of the -- of the guidelines". The court then clarified that a 70-month sentence was the "least [it] can possibly give [defendant] under the guidelines".

Contrary to Salinas' assertions, the court's statements do not show it believed the Guidelines were mandatory or that it lacked the discretion to deviate from them. Rather, the court decided to give a within-Guidelines sentence, then imposed a sentence on the low end of the advisory Guidelines range after considering Salinas' criminal history. Accordingly, Salinas has not shown the court committed a clear or obvious procedural error in imposing her

No. 16-40506

sentence.  *See Gall*, 552 U.S. at 51; *see also United States v. Solis*, 583 F. App'x 404, 405 (5th Cir. 2014).

AFFIRMED.